# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| TODRICK MORRIS, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> DANIEL HINES, ET AL., § <br> § <br> Defendants. § | CIVIL ACTION NO. 5:20-CV-00036-RWS |

## ORDER

Plaintiff Todrick Morris, an inmate proceeding *pro se*, filed the above-styled and numbered civil action complaining of alleged violations of his constitutional rights. The case was referred to the United States Magistrate Judge. This Order concerns the motion to dismiss filed by Nurse Tara Adams (Docket No. 50).

According to his Complaint, Plaintiff started a fire in the food slot box in his door and was sprayed with chemical agents through the fire, causing an explosion resulting in severe burns. Nurse Adams and two other nurses were called to the scene. According to Plaintiff, the nurses looked at his arms and verified the burns, but medically cleared him and released him to security without providing any treatment or pain relief. Photos were taken of his injuries and he was escorted to a cell, where he says he remained for eight hours in pain from the burns and chemical agents. He told the unit mental health therapist, and she said she would notify the medical department. Plaintiff was taken to the medical department, where a provider named Jamie Martin treated the burns on his forearm, hand, chest and stomach, and gave him pain medication. He stated he has permanent scars.

In her motion to dismiss, Nurse Adams contended Plaintiff must show more than a *de minimis* injury and that he failed to allege that her actions caused him to suffer a physical injury. She contended Plaintiff failed to state a claim for deliberate indifference because allegations of misdiagnosis or disagreement with medical care are not sufficient, and that he did not show she delayed treatment with the knowledge it would cause him pain. Nurse Adams maintains that Plaintiff only alleges he told her he was burned, not that he was in pain, and that his pain was caused by the burns, not the lack of treatment. She also invokes her entitlement to qualified immunity.

The Magistrate Judge determined Plaintiff's claim that Nurse Adams knew he had been burned on his chest, stomach, arms and hand, but refused to provide any treatment, adequately alleged deliberate indifference and amounted to more than simply a disagreement with medical care. The Magistrate Judge observed that any licensed vocational nurse should recognize that an individual with burns on his chest, stomach, arms and hand severe enough to cause permanent scarring would likely be in a significant amount of pain, and that such burns plainly passed the threshold of a *de minimis* injury. Finally, the Magistrate Judge determined that based on the facts alleged, which are taken as true in the context of a motion to dismiss, Nurse Adams was not entitled to qualified immunity, although this defense may be reasserted at the summary judgment stage.

In her objections, Nurse Adams cites *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), as holding that refusal to treat or ignoring complaints can amount to deliberate indifference, but then argues that the failure to provide any pain relief or any treatment whatsoever for a patient with visible burns on his chest, stomach, arms, and hand amounts to "medical judgment." These objections are without merit. *See, e.g.*, *Ware v. Zeller*, 214 F.App'x 363 (5th Cir. 2006).

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Defendant Nurse Adams' objections are overruled and the Report of the Magistrate Judge (Docket No. 52) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendant Nurse Adams' motion to dismiss (Docket No. 50) is **DENIED**. Nurse Adams shall file her answer to the lawsuit within 14 days after the date of entry of this order. FED. R. CIV. P. 12(a)(4)(A). The deadlines set out in the Court's scheduling order (Docket No. 3) shall thereupon go into effect for Nurse Adams.

**So ORDERED and SIGNED this 21st day of June, 2021.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE