IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| TODRICK MORRIS, § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO.  5:20-CV-00036 |
| § | |
| v. § | |
| § | |
| DANIEL HINES, ET AL., § | |
| § | |
| Defendants. § | |

# ORDER

Plaintiff Todrick Morris, an inmate proceeding *pro se*, filed the above-styled and numbered civil action complaining of alleged violations of his constitutional rights. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636. This Order concerns the motion for summary judgment filed by Defendants Sgt. Daniel Hines and Officers Christopher Harcrow, Matt Hilliard, James Kelly and Billy Kitchell.

**I.  Background**

Plaintiff asserted on September 19, 2019, shortly after midnight, that he started a fire on the outside of his cell—inside the food slot box on his cell door—so that he could get a supervisor to come speak to him. Sgt. Hines and Officers Harcrow, Kelly and Hilliard were outside of his cell talking and then Sgt. Hines and Officer Harcrow went to the sallyport to talk to a female officer. Officer Kitchell was the picket officer. They watched while Officers Kelly and Hilliard approached Plaintiff's cell door. Officers Kelly and Hilliard looked inside the food slot to make sure that the fire was still burning and then asked Plaintiff "are you ready?" After looking back to the sallyport for approval, Officer Hilliard sprayed flammable chemical agents through the fire in the food slot at Plaintiff, causing an explosion and catching Plaintiff's clothing, bedding and personal property on fire. Plaintiff tried to remove his burning clothing but Officer Kelly again sprayed his canister of chemical agents through the food slot, re-igniting the explosion and burning Plaintiff

on his arms, right hand, chest and stomach.

Plaintiff states Officer Kelly then got an igloo of water and threw it into the cell to put out the fire.  Officer Hilliard got on his radio and initiated an Incident Command System ("ICS") report, falsely stating that Plaintiff had cut himself when he had never cut or attempted to cut himself or anyone else. Sgt. Hines and a female correctional officer came over with a video camera and Sgt. Hines briefed the video camera with the false statement that Plaintiff had tried to cut himself and therefore chemical agents were used.   As a result of the incident, Plaintiff states he has permanent scars on his arms, right hand, stomach and chest.

Defendants filed a motion for summary judgment arguing that the use of force was reasonable.  They stated the pepper spray is non-flammable and argued that no reasonable juror could find an Eighth Amendment violation when Plaintiff started a fire in his cell and failed to follow orders; they further contended that the spraying of Plaintiff was done in a good faith effort to restore discipline rather than maliciously and sadistically for the purpose of causing harm. Defendants argued that force was necessary because Plaintiff disobeyed orders, refused to give up control of his food slot tray and started a fire.  Although Officer Kelly's pepper spray caused the fire in the food slot tray to flare up, Defendants maintained the officers had no reason to believe that administering pepper spray through the food slot tray would have posed such a risk.

In his response to the motion for summary judgment, Plaintiff stated the officers left his food slot open because they were refusing to summon a ranking officer to the scene.  He acknowledged he started a fire, explaining he was trying to get a ranking officer present to complain about being denied his meals.  He contended the officers knew the fire was burning but did nothing for 45 minutes to an hour because they were afraid of summoning a ranking officer to whom Plaintiff could report the denial of meals.  He also argued his injuries were not "minor," as the Defendants contended.

## II.     Summary Judgment Evidence

A surveillance video from a camera up and to the left of Plaintiff's cell shows Officers Kelly and Hilliard approaching Plaintiff's cell at 1:10 a.m.  At 1:16 a.m, something white pops up in the food slot tray, along with some smoke.   Officer Hilliard reaches into the tray but pulls his hand

back. Some fire can be seen in the tray. Officer Hilliard moves to his left, closer to the camera, over to the side of the tray.

A few seconds later, Officer Kelly raises a pepper spray canister and steps toward the cell door. Fire can still be seen in the tray. Officer Kelly steps closer to the door, moving behind Officer Hilliard in the camera view, and points the pepper spray canister at the tray. A large burst of fire flares up. Officer Kelly moves back quickly and then leaves to get water, which he dumps on the food slot tray to extinguish the fire. Officers Hilliard and Kelly are the only officers on the scene when this occurs.

### III.  Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending that summary judgment be granted in favor of Sgt. Hines and Officers Harcrow and Kitchell, but that Officers Hilliard and Kelly's motion for summary judgment be denied. The Magistrate Judge examined each of the factors set out by the Fifth Circuit in *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992) and determined that the first, third and fifth factors weighed in Plaintiff's favor, while the second weighed in the Defendants' favor and the fourth was inconclusive.

However, the Magistrate Judge determined that the third factor (the relationship between the need and the amount of force used) and the fifth factor (efforts made to temper the severity of the forceful response) comprised the heart of the case. In reviewing these factors, the Magistrate Judge concluded that "the amount of force used" was not the fact Plaintiff was pepper-sprayed, but the fact that he was pepper-sprayed *through a fire*. The summary judgment evidence, including the video, did not show that the need for the application of force was so great as to justify pepper-spraying Plaintiff through the fire. Instead, the Magistrate Judge observed that according to the video, after Officer Kelly sprayed pepper spray through the fire and caused it to flare up, it took him approximately 45 seconds to get a container of water and dump it on the fire, extinguishing it. Even given Plaintiff's recalcitrance, the Magistrate Judge stated that the record failed to reveal any reason why the fire could not have been extinguished prior to the application of the pepper spray. Thus, a reasonable trier of fact could conclude that the force involved in spraying Plaintiff through a live fire was excessive.

With regard to qualified immunity, the Magistrate Judge stated that the spraying of an aerosol spray through an active fire at an inmate locked in his cell, where no active emergency existed and the fire could be readily extinguished in less than one minute, was not objectively reasonable and thus not protected by qualified immunity. Although Defendants contended they did not believe the spray was flammable, the Magistrate Judge stated that the dangers of spraying any aerosol spray through a fire at a person who essentially has no escape should be readily apparent.

## IV.   Defendants' Objections

In their objections, Defendants first argue that the Magistrate Judge incorrectly applied the *Hudson* factors. They assert that the Supreme Court cautioned the lower courts not to use "the benefit of hindsight," in that "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." As a general rule, an official's actions must be judged in the light of the circumstances which confronted him, without the benefit of hindsight. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

As the Magistrate Judge determined, however, the benefit of hindsight is hardly required for an officer to understand that pepper-spraying an inmate with an aerosol spray *through a fire* is not objectively reasonable. Such an action is qualitatively different from an arguably excessive push or shove, particularly in light of the fact that Plaintiff was locked in his cell and posed no immediate threat to the officers. This objection is without merit.

Defendants next contend that they were "forced to act quickly and decisively in this situation and did so using non-physical force in an effort to gain Plaintiff's compliance with their orders." As noted above, Plaintiff was locked in his cell and posed no immediate threat to the officers. They do not explain why they were "forced to act quickly and decisively" to the point that they could not take less than one minute to extinguish the fire before pepper-spraying Plaintiff in his cell. This objection is without merit.

Defendants attempt to address this issue by asserting that Plaintiff had set two separate fires (Plaintiff claims there was only one), refused to participate in attempts to reason with him and de-escalate the situation and refused lawful orders given to him by correctional staff. The Magistrate

Judge recognized all of these facts in determining that the second *Hudson* factor—the need for the application of force—weighed in favor of Defendants. However, the question is whether the force used was excessive to the need and the Magistrate Judge properly determined that disputed issues of fact existed, precluding summary judgment. *See Moss v. Brown*, 409 F.App'x 732 (5th Cir. 2010) (remanding use of force case based upon the conclusion that the force used was excessive to the need). This objection is without merit.

Similarly, Defendants challenge the Magistrate Judge's determination that no other efforts to temper the severity of the force used appear in the record. They assert they made "repeated efforts to minimize the level of their response," stating that they ordered Plaintiff to relinquish control of his food slot and he refused; Officer Hilliard tried to extinguish the first fire by removing burning debris and then called for a supervisor, Sgt. Hines; Plaintiff refused to speak to Sgt. Hines; and it was only after Plaintiff started a second fire that the Defendants administered "a quick burst of pepper spray."

The fifth *Hudson* factor concerns "any efforts made to temper the severity of a forceful response." *Hudson*, 962 F.2d at 523. Defendants offer their version of what happened leading up to the use of force—much of which is disputed by Plaintiff's sworn pleadings—but the Magistrate Judge focused on efforts made to temper the severity of the forceful response which actually occurred. In the summary judgment context, the facts must be viewed in the light most favorable to the Plaintiff; even assuming Defendants' version of the facts is correct, however, the events leading up to the incident do not vitiate the spraying of Plaintiff through the fire. This objection is without merit.

Finally, Defendants contend they are entitled to qualified immunity, arguing they did not have fair warning that spraying an aerosol spray through an open flame would violate the Eighth Amendment. Qualified immunity protects an officer from suit when he makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances he confronted. *Taylor v. Riojas*, 141 S.Ct. 52, 53 (2020). However, a general constitutional rule may apply "with obvious clarity to the specific conduct in question." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002). The Magistrate Judge correctly concluded that the danger of spraying an aerosol spray

through a fire at a person who has no escape should be readily apparent and is not an objectively reasonable action, particularly in view of the fact Plaintiff posed no immediate threat to the officers and the fire could be readily extinguished. Defendants' objections are without merit.

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Defendants' objections are without merit. It is accordingly

**ORDERED** that Defendants Officers Matt Hilliard and James Kelly's objections are overruled and the Report of the Magistrate Judge (Docket No. 65) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Defendants' motion for summary judgment (Docket No. 47) is **GRANTED** as to Defendants Sgt. Daniel Hines and Officers Christopher Harcrow and Billy Kitchell. The claims against these Defendants are **DISMISSED WITH PREJUDICE** and these Defendants are dismissed as parties to the lawsuit. It is further

**ORDERED** that the motion for summary judgment (Docket No. 47) is **DENIED** as to Defendants Officers Matt Hilliard and James Kelly.

**So ORDERED and SIGNED this 21st day of September, 2021.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE